# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                           Cr. No. 01-862/MV

RICHARD SHERMAN,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the Defendant's Motion to Reconsider Government's Motion for Rule 17(c) Subpoenas, filed September 17, 2001 **[Doc. No. 16]**. The Court, having considered the Motion, Response, Reply, relevant law, and being otherwise fully informed, finds that the Motion to Reconsider is well taken and will be **GRANTED** and that this Court's Order for Rule 17(c) Subpoenas **[Doc. No. 14]** will be **MODIFIED**.

## BACKGROUND

Plaintiff, by and through Norman C. Bay, United States Attorney for the District of New Mexico, and Mary L. Higgins, Assistant U.S. Attorney for said District, moved this Court on August 29, 2001 **[Doc. No. 13]**, to issue two subpoenas duces tecum requesting the cellular and residential telephone records, for the period of May 1, 2001, through July 31, 2001, of Defendant Richard Sherman, to be turned over to the parties in advance of trial pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure. This Court erroneously ordered the issuance of the subpoenas duces tecum, as requested by Plaintiff, on September 4, 2001 **[Doc. No. 14]** without

providing adequate opportunity for Defendant to respond to Plaintiff's motion pursuant to D.N.M.LR-Cr 16.3 and D.N.M.LR-Cv 7.6.  Defendant now seeks reconsideration of this Court's Order and requests a modification of the time period of the subpoenas duces tecum.

## ANALYSIS

Rule 17(c) of the Federal Rules of Criminal Procedure states that a "court on motion made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive." Defendant in its Motion to Reconsider **[Doc. No. 16]** has promptly moved to modify the subpoenas duces tecum due to the unreasonableness of the time period of the requested telephone records.  In light of the Court's error in prematurely issuing the Order for Rule 17(c) Subpoenas **[Doc. No. 14]**, it grants Defendant's Motion to Reconsider **[Doc. No. 16]** in order to determine the reasonableness of the subpoenas duces tecum at issue.

As stated by the U.S. Supreme Court, a subpoena duces tecum should only be issued if the moving party demonstrates the following:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

United States v. Nixon, 418 U.S. 683, 699-700 (1974).  In Plaintiff's Response to Defendant's Motion for Reconsideration **[Doc. No. 17]**, Plaintiff has agreed not to seek telephone records from May 1, 2001, through May 31, 2001.  Moreover, it is clear, and Defendant agrees, that cellular and residential telephone records, for the period of June 1, 2001, through June 18, 2001, satisfies the Nixon criteria due to the temporal proximity to the alleged thefts and Defendant's

2

statements that he had been in telephonic contact with his wife and employer during that time. Thus, only the telephone records from June 19, 2001, the date of Defendant's arrest, through July 31, 2001, is currently in dispute.

Plaintiff has not sufficiently explained why Defendant's telephone records for the disputed time period is relevant to its case. The records concern telephone calls that occurred after the date of the alleged offense and, therefore, is not relevant to Defendant's actions before or during the time of the offense. Furthermore, Plaintiff's general suspicion that a confederate may have been involved because all of the stolen money has not been recovered does not demonstrate enough relevance to pass the Nixon test. If the Court did not require more specific information, the government could obtain the telephone records of any defendant with whom it suspects of acting in cohort with another. General suspicions alone, without a more specific connection to Defendant's telephone records, resemble a "fishing expedition" of which the Nixon Court disapproved.

The Court also notes that in his Reply to Government's Response to Defendant's Motion to Reconsider **[Doc. No. 19]**, Defendant agreed to extend the scope of the subpoenas duces tecum to cover one week after the alleged offense, through June 26, 2001. Because the Court has found this time period to be an unreasonable scope of the subpoenas duces tecum, it cannot agree to such an extension. Thus, the subpoenas duces tecum will be limited to the time period of June 1, 2001, through June 18, 2001. If Plaintiff can present more specific information that demonstrates the relevance of Defendant's telephone records to its confederate theory, it may move for additional subpoenas duces tecum.

## CONCLUSION

**IT IS THEREFORE ORDERED THAT** Defendant's Motion to Reconsider Government's Motion for Rule 17(c) Subpoenas **[Doc. No. 16]** is hereby **GRANTED** and that the Court's Order for Rule 17(c) Subpoenas **[Doc. No. 14]** will be **MODIFIED** to the time period of June 1, 2001, through June 18, 2001.


Dated this 4th day of February, 2002.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

For Plaintiff
Mary Higgins

For Defendant
Judith A. Rosenstein